**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:19-cr-0056** |
| ) | |
| **YOHANNA GONZALEZ-MCFARLANE,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## <u>ORDER</u>

**BEFORE THE COURT** is the Motion to Continue the October 27, 2020 Evidentiary Hearing or, in the alternative, to Permit an Off-Island Government Witness to Appear by Video Teleconference ("VTC"), filed by the United States ("Government") on October 21, 2020. (ECF No. 69.) Defendant Yohanna Gonzalez-McFarlane ("Gonzalez-McFarlane") filed an opposition to the motion on October 22, 2020. (ECF No. 70.)

This case commenced on August 5, 2019, when the United States filed a Complaint against Gonzalez-McFarlane alleging alien smuggling and prostitution-related offenses after a joint investigation between Homeland Security Investigations and the FBI. (ECF No. 1.) Having found probable cause, the magistrate judge granted a warrant to search three premises, based on the affidavit of an officer and attachments detailing the search. On August 7, 2019, the Government conducted the search of all three locations.

On September 5, 2019, the Grand Jury returned a four-count indictment against Gonzalez-McFarlane, alleging Transportation for Prostitution and Alien Harboring. (ECF No. 11.) The jury trial in this matter was first set for October 28, 2019. (*See* ECF No. 19.) Thereafter, Gonzalez-McFarlane filed a motion to suppress physical evidence that was allegedly seized illegally during the warranted search (ECF No. 25.), and the Government filed an unopposed motion to continue all deadlines, the suppression hearing, and trial dates (ECF No. 24.). On October 22, 2019, the Court entered an order granting the motion and setting the trial for December 19, 2019.

*United States v. Gonzalez-McFarlane*
Case No. 3:19-cr-0056
Order
Page 2 of 4

On November 21, 2019, the Grand Jury returned a superseding indictment (ECF No. 38.), followed by a Second Superseding Indictment on January 9, 2020, charging Gonzalez-McFarlane with a total of 37 counts related to trafficking and prostitution (ECF No. 50.). Thereafter, both parties filed motions for continuance and the Court set several trial dates.

On July 29, 2020, pursuant to the most recent Administrative Order of the Chief Judge of the District Court,[1] the Court issued an order extending the time within which Gonzalez-McFarlane's trial must be initiated. (ECF No. 65.) In so doing, the Court continued the evidentiary hearing on her motion to suppress to October 27, 2020, with the trial scheduled on November 2, 2020.

On October 21, 2020, the Government filed a motion to continue the suppression hearing or, in the alternative, to allow one of the Government witnesses, who is in her second trimester of pregnancy and lives off-island, to appear via video teleconference ("VTC") at the suppression hearing due to the witness' "increased risk for severe illness from COVID-19" while pregnant. (ECF No. 69 at 2.) The next day, Gonzalez-McFarlane filed an opposition to the motion on two grounds. Gonzalez-McFarlane asserts that 1) having a witness testify by video conference at her suppression hearing would violate her Sixth Amendment rights, and 2) the Administrative Order of the Chief Judge, pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, did not specify suppression hearings as proceedings in which testimony by video teleconference is permitted.

The Confrontation Clause in the Sixth Amendment to the U.S. Constitution guarantees defendants the right to confront their accusers. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against [her] . . . ." U.S. Const. amend. VI. "[It] is this literal right to 'confront' the witness at *the time of trial* that forms the core of the values furthered by the Confrontation Clause . . . ." *California v. Green*, 399 U.S. 149, 157 (1970) (emphasis added).

---

[1] Seventh Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak, June 12, 2020, *See* https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Seventh%20OrderConcerningOperationsDuringCOVID.pdf

*United States v. Gonzalez-McFarlane*
Case No. 3:19-cr-0056
Order
Page 3 of 4

Gonzalez-McFarlane argues that her Sixth Amendment right to confront her accuser will be violated if the Government witness testifies at her suppression hearing. Yet "the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987); *see also United States v. Robinson,* 663 Fed. Appx. 215, 218 (3d Cir. 2016) ("The Supreme Court has never suggested . . . that the Confrontation Clause applies during a pre-trial suppression hearing."). Therefore, as suppression hearings are *pre*-trial proceedings, the Court finds that permitting a witness to testify over VTC does not infringe on Gonzalez-McFarlane's Sixth Amendment rights. *See Ebert v. Gaetz*, 610 F.3d 404, 414 (7th Cir. 2010) (opining that the right to confrontation does not apply to suppression hearings)

Gonzalez-McFarlane also objects to the witness testifying by VTC because "suppression hearings are not among the delineated proceedings authorized to proceed via VTC" in the Administrative Orders of the Chief Judge of the District Court.[2] (ECF No. 70 at 2.) The Court finds that the proceedings listed in the CARES Act and the Administrative Orders of the Chief Judge are not exclusive lists that preclude a District Judge from permitting a witness to testify by video conference in a suppression hearing. The Government has presented sufficient justification for its material witness to testify by videoconference in light of the fact that she is in her second trimester of her pregnancy and the country is currently in the middle of a deadly pandemic.

The premises considered, it is hereby

---

[2] In her opposition, Gonzalez-McFarlane references Section 15002(b)(2) of the CARES Act and "this Court's Third and Eighth Orders concerning operations of the District [C]ourt of the Virgin Island[s]." (ECF No. 70 at 2.) *See* Coronavirus Aid, Relief, and Economic Security ("CARES") Act, https://www.congress.gov/bill/116th-congress/senate-bill/3548/text?q=product+actualizaci%C3%B3n; General Orders, District Court of the Virgin Islands, https://www.vid.uscourts.gov/court-info/local-rules-and-orders/general-orders?page=1.

*United States v. Gonzalez-McFarlane*
Case No. 3:19-cr-0056
Order
Page 4 of 4

  **ORDERED** that the motion of the United States, ECF No. 69, is **DENIED** in part and **GRANTED** in part; it is further

  **ORDERED** that the United States' request to continue the suppression hearing currently scheduled on October 27, 2020 is **DENIED**; and it is further

  **ORDERED** that the United States' request to permit an off-island witness who is in her second trimester of pregnancy to testify in the suppression hearing via VTC on October 27, 2020 is **GRANTED.**


**Dated:** October 24, 2020        */s/ Robert A. Molloy*
                 **ROBERT A. MOLLOY**
                 **District Judge**