DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case Nos. 3:19-cr-0056 |
| | ) |
| **YOHANNA GONZALEZ-MCFARLANE,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

**THIS MATTER** came before the Court for a suppression hearing held on October 27, 2020. The Defendant filed the motion to suppress items seized as a result of a search of the Underground Nightclub because a valid warrant was not presented to the owner of the premises at the conclusion of the search. The evidence adduced at the hearing established that the owner of the Underground Nightclub was the Defendant's husband, and not the Defendant. At the conclusion of the hearing, the Defendant argued that her rights were violated, by extension, because she is the spouse of the owner of the business property that was searched, and the attachments showing the itemized list of items to be searched were not provided to the owner along with the search warrant at the time of the search.

"[T]he Fourth Amendment protects people, not places." *Katz v. United States*, 389 U.S. 347, 351 (1967). In *United States v. Grubbs*, 547 U.S. 90, 99 (2006), the Supreme Court stated: "The Constitution protects *property owners* not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante,* the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police . . . by providing,

ex post, a right to suppress evidence improperly obtained and a cause of action for damages."

*Id*. at 99 (emphasis added).

The premises considered, it is hereby

**ORDERED** that, **no later than November 7, 2020,** both parties shall file a supplemental brief, with citation to the appropriate authority, addressing the following issue: whether the Defendant's Fourth Amendment constitutional rights were violated when law enforcement officers failed to provide a copy of the warrant attachments to the owner of the premises that was searched and items seized, notwithstanding that the warrant was properly issued by a magistrate judge;[1] it is further

**ORDERED** that there shall be no further briefing unless authorized by the Court.


**Dated:** October 27, 2020                              */s/ Robert A. Molloy*
                                                         **ROBERT A. MOLLOY**
                                                         **District Judge**

---

[1] Pursuant to Local Rules, briefs may not exceed twenty pages in length. LRCi 7.1(d).