## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     )<br>                                                             )<br>**Plaintiff,**                                  )<br>                                                             )<br>v.                                                       )     Case No. 3:19-cr-0056<br>                                                             )<br>**YOHANNA GONZALEZ-MCFARLANE,** )<br>                                                             )<br>**Defendant.**                             )<br>                                                             ) | |

## ORDER

**BEFORE THE COURT** is the is the unopposed motion of the United States ("the Government") to continue the November 2, 2020 trial in this matter by at least four weeks. (ECF No. 68.) For the reasons stated herein, the Court will grant the request for a continuance and will extend the time to try this case up to and including December 14, 2020.

On January 9, 2020, a federal grand jury returned the second-superseding indictment against Gonzalez-McFarlane, charging her with 37 counts of sex trafficking of children and prostitution-related crimes. (ECF No. 50.) The trial is currently set for November 2, 2020.

On October 14, 2020, the Government filed a motion to continue the trial date. (ECF No. 68.) As the basis for its request, the Government asserts that counsel and case agents have been unable to interview the victims/witnesses for the trial due to COVID-related travel restrictions and displacement of the witnesses—the majority of which no longer live in the Virgin Islands. *Id.* Defendant does not oppose the continuance. During the suppression hearing on October 27, 2020, Defense counsel expressed the desire for a continuance of four weeks, as well, to allow time for Defendant to review the extensive discovery in this matter.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow the Government time to interview relevant victims and witnesses who no longer reside on-island. Second, an extension of time is necessary to allow the Defendant to review the discovery in this matter. Third, an extension of time is necessary to allow both parties to prepare sufficiently for trial.

*United States v. Gonzalez-McFarlane*
Case No. 3:19-cr-0056
Order
Page 2 of 2

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 s(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that the United States' motion to continue the trial in this matter, ECF No. 68, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through December 14, 2020, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter previously scheduled for November 2, 2020, is **RESCHEDULED** to commence promptly at 9:00 A.M. on December 14, 2020, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy.

**Dated:** October 28, 2020            */s/ Robert A Molloy*
                                       **ROBERT A. MOLLOY**
                                       **District Judge**